IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KELLY BAUM<br>820 Marseilles Ave.<br>Upper Sandusky, Ohio 43351 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| VAUGHN INDUSTRIES, LLC<br>1201 East Findlay St<br>Carey, Ohio 43316 | )<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| | ) | |
| **Serve also:**<br>TIMOTHY VAUGHN,<br>Statutory Agent<br>1201 East Findlay St<br>Carey, Ohio 43316 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Kelly Baum, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Kelly Baum is a resident of the city of Upper Sandusky, county of Wyandot, state of Ohio.

2. Vaughn Industries, LLC ("Vaughn") is a limited liability corporation with its principal place of business located at 1201 East Findlay St, Carey, Ohio 43316.

3. Vaughn is an employer within the meaning of 29 U.S.C. § 621 *et seq*.

## **JURISDICTION & VENUE**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Baum is alleging Federal Law Claims under 29 U.S.C. § 621 *et seq.* and The Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq.*

5. This Court has supplemental jurisdiction over Baum's state law claims pursuant to 28 U.S.C. § 1367 as Baum's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. All material events alleged in this Complaint occurred in Wyandot County.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Baum filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01067 against Vaughn.

9. On or about August 21, 2020, the EEOC issued and mailed a Notice of Right to Sue letter to Baum regarding the Charges of Discrimination brought by Baum against Vaughn in EEOC Agency Charge No. 532-2020-01067.

10. Baum received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

11. Baum has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Baum has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Baum is a former employee of Vaughn.

14. Baum was 56 years old at the time of his separation of employment from Vaughn.

15. Baum began working for Vaughn on or around June 10, 2019.

16. Scott Woods.

17. Baum began working for Vaughn as an Equipment Operator.

18. On or about September 9, 2019, Baum suffered from a flare up of gout.

Case: 3:20-cv-02512 Doc #: 1 Filed: 11/06/20 3 of 18. PageID #: 3

19. Baum's gout substantially impairs one or more of his major life activities including walking.

20. Baum's gout substantially impairs one or more of his major life activities including working.

21. As a result of suffering from gout, Baum is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

22. As a result of suffering from gout, Baum is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 *et seq*.

23. In the alternative, Vaughn perceived Baum as being disabled.

24. In the alternative, the Vaughn perceived that Baum's medical condition constituted a physical impairment.

25. Despite Baum's actual or perceived disabling condition, Baum was able to perform his essential job functions with or without reasonable accommodation.

26. Vaughn was not aware that Baum suffered from gout at the time that Vaughn hired Baum.

27. Due to the September 9, 2019 gout fare up, Baum had to take approximately one week off work.

28. Vaughn disciplined Baum for calling off work due to his gout.

29. Vaughn disciplined Baum for not calling off at the right time due to his gout.

30. Baum could not control when he had a gout flare up so he could not call in at the time specified by Vaughn.

31. Vaugh disciplined Baum because of his disability.

32. Alternatively, Vaughn disciplined Baum because of his perceived disability.

33. During all material events asserted herein, Greg Ridner was a jobsite foreman for Vaughn.

34. Ridner was at all times hereinafter mentioned, an individual who was an employee at Vaughn.

35. Upon information and belief, Ridner is in his late 30s.

3

36. Ridner told Baum that it was a problem for Baum to be calling off of work for a week due to a medical condition.

37. Ridner told Baum that if it was up to Ridner, that Baum's employment would be terminated for missing work for a week due to Baum's medical condition.

38. Although Baum had to take a week off work due to his gout, Baum attempted to return to work so that he could work light duty hours.

39. When Baum returned to work to try to work light duty hours, Baum returned to work with the aid of crutches.

40. Upon information and belief, employees of Vaughn saw Baum walking around Vaughn with crutches.

41. Baum returned to work full-duty approximately a week after his gout flare up.

42. On or around September 23, 2019, Vaughn assigned Baum to a crew supervised by Reggie Hill.

43. Hill was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Vaughn who acted directly or indirectly in the interest of Vaughn.

44. During all material events asserted herein, Hill has and/or had authority to hire, fire, and/or discipline employees.

45. Upon information and belief, Hill is 38 years old.

46. Immediately after Vaughn assigned Baum to Hill's crew, Hill and his crew began subjecting Baum to discriminatory comments regarding his age and disability.

47. When Hill saw Baum back at work, Hill said to Baum, "you're walking today?"

48. When Hill said to Baum, "you're walking today," Hill did so because of Baum's disability.

49. Alternatively, when Hill said to Baum, "you're walking today," Hill did so because he perceived Baum to be disabled.

50. Upon information and belief, Hill does not say to non-disabled employees, "you're walking today?"

51. Upon information and belief, Hill does not say to individuals he does not perceive to be disabled, "you're walking today?"

52. When Hill saw Baum back at work, Hill said to Baum that he had seen multiple videos where Baum was limping around.

53. Upon information and belief, Hill did not discipline the Vaughn employees who took videos of Baum walking on crutches.

54. Hill ratified the disability discrimination of Baum by not disciplining the employees who took videos of Baum walking on crutches.

55. Upon information and belief, Hill did not report the Vaughn employees who took videos of Baum walking around on crutches.

56. Hill ratified the disability discrimination of Baum by not reporting the employees who took videos of Baum walking on crutches.

57. On or around September 23, 2019, Baum approached Hill to ask about how to use some of the equipment the crew would use ("Useless Comment").

58. During the Useless Comment, Hill became angry with Baum for asking for help.

59. During the Useless Comment, Hill told Baum "I'm not sure why you're here, you are worthless."

60. When Hill called Baum "useless" during the Useless Comment, Hill was referring to Baum's age.

61. Hill did not call individuals significantly younger than Baum, "useless."

62. As a manager and/or employer, when Hill called Baum "useless," Vaughn engaged in age discrimination.

63. After the Useless Comment, Hill began referring to Baum as "stupid old fuck."

64. As a manager and/or employer, when Hill referred to Baum as "stupid old fuck," Vaughn engaged in age discrimination.

65. After the Useless Comment, Ridner began referring to Baum as "Old Man."

66. Ridner would refer to Baum as "Old Man" in front of other employees.

67. Ridner would refer to Baum as "Old Man" in front of Hill.

68. As a manager and/or employer, when Ridner referred to Baum as "Old Man," Vaughn engaged in age discrimination.

69. On or around September 25, 2019, Hill made another discriminatory comment to Baum ("Morgue Comment").

70. During the Morgue Comment, Hill told Baum "you look like you should be in a morgue."

71. Upon information and belief, when Hill made the Morgue Comment, he was referring to Baum's age.

72. Hill did not tell significantly younger employees, "you look like you should be in a morgue."

73. As a manager and/or employer, when Hill made the Morgue Comment, Vaughn engaged in age discrimination.

74. On one of Baum's last days of employment, when Baum was walking with Hill toward a truck to leave the job site ("Old Fucker Incident").

75. During the Old Fucker Incident, Hill grabbed Baum by the back of the leg and pushed in an attempt to make Baum walk faster.

76. Hill grabbed Baum by the back of the leg and pushed in an attempt to make Baum walk faster due to Baum's disability.

77. Alternatively, Hill grabbed Baum by the back of the leg and pushed in an attempt to make Baum walk faster due to a perceived disability.

78. Hill grabbed Baum by the back of the leg and pushed in an attempt to make Baum walk faster due to Baum's age.

79. During the Old Fucker Incident, when Hill grabbed Baum's leg, Hill said, "come on you old fucker."

80. Upon information and belief, Hill does not call significantly younger employees, "old fucker."

81. Hill called Baum an "old fucker," because of Baum's age.

82. Hill engaged in age discrimination when he called Baum an "old fucker."

83. As a manager and/or employer of Vaughn, Vaughn engaged in age discrimination Hill called Baum an "old fucker."

84. On or around September 27, 2019, Scott Woods called Baum and asked Baum to come to the office to meet with him.

85. During all material events asserted herein, Woods was the Resource Manager for Vaughn.

86. Woods was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Vaughn who acted directly or indirectly in the interest of Vaughn.

87. Woods was at all times hereinafter mentioned was a manager and/or employer of Vaughn's.

88. When Baum received the September 27, 2019 call from Woods, Baum was under the impression that Woods would be assigning Baum to work with someone other than Hill.

89. Baum met with Woods and another member of human resources on September 27, 2019 ("September 27 Meeting").

90. During the September 27 Meeting, Woods asked Baum how Baum thought the last week had gone.

91. During the September 27 Meeting, Baum reported to Woods the discrimination Baum faced while working for Defendant ("Discrimination Complaint").

92. In Baum's Discrimination Complaint, Baum told Woods about the Useless Comment.

93. In Baum's Discrimination Complaint, Baum told Woods about Hill referring to Baum as "stupid old fuck."

94. In Baum's Discrimination Complaint, Baum told Woods about Ridner referring to Baum as "Old Man."

95. In Baum's Discrimination Complaint, Baum told Woods about the Morgue Comment.

96. In Baum's Discrimination Complaint, Baum told Woods about the Old Fucker Incident.

97. Based on Vaughn policies, the incidents raised in Baum's Discrimination Complaint were considered to be significant workplace incidents.

98. Vaughn has a policy and practice of fully investigating significant workplace incidents.

99. Vaughn has a policy and practice of getting written statements from all participants to significant workplace incidents.

100. Vaughn has a policy and practice of getting written statements from all witnesses to significant workplace incidents.

101. Vaughn violated their policy and practice of fully investigating significant workplace incidents regarding Baum's Discrimination Complaint.

102. Vaughn violated their policy and practice of getting written statements from all participants to significant workplace incidents regarding Baum's Discrimination Complaint.

103. Vaughn violated their policy and practice of getting written statements from all witnesses to significant workplace incidents regarding Baum's Discrimination Complaint.

104. Vaughn's failure to follow their policy and practice of fully investigating significant workplace incidents was an adverse action against Baum.

105. Vaughn's failure to follow their policy and practice of getting written statements from all participants to significant workplace incidents was an adverse action against Baum.

106. Vaughn's failure to follow their policy and practice of getting written statements from all witnesses to significant workplace incidents was an adverse action against Baum.

107. Woods disregarded Baum's Discrimination Complaint and failed to take any action with respect to the age discrimination Baum was facing.

108. Hill was not given a verbal warning as a result of his discriminatory remarks to Baum.

109. Hill was not given a written warning as a result of his discriminatory remarks to Baum.

110. Hill's employment at Vaughn was not suspended as a result of his discriminatory remarks to Baum.

111. Hill's employment at Vaughn was not terminated as a result of his discriminatory remarks to Baum.

112. Ridner was not given a verbal warning as a result of his discriminatory remarks to Baum.

113. Ridner was not given a written warning as a result of his discriminatory remarks to Baum.

114. Ridner's employment at Vaughn was not suspended as a result of his discriminatory remarks to Baum.

115. Ridner's employment at Vaughn was not terminated as a result of his discriminatory remarks to Baum.

116. In failing to investigate Baum's Discrimination Complaint, Vaughn ratified the age discrimination of Baum.

117. In failing to take any corrective action following Baum's Discrimination Complaint, Vaughn ratified the age discrimination of Baum.

118. Immediately after Baum made his Discrimination Complaint to Woods, Woods told Baum that Vaughn was terminating Baum's employment.

119. Vaughn terminated Baum's employment on or about September 27, 2019.

120. Woods informed Baum that the reason for his employment being terminated was "violating his traffic flag duties" ("Basis for Termination").

121. Baum had not been violating his traffic flag duties.

122. The Basis for Termination has no basis in fact.

123. Vaughn's purported reason for Baum's termination is pretext for age discrimination.

124. Upon information and belief, Vaughn has a progressive disciplinary policy,

125. Upon information and belief, Vaughn's disciplinary policy calls for escalating levels of discipline for performance infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

126. Baum did not receive a verbal warning.

127. Baum did not receive a written warning.

128. Baum did not receive a second written warning.

129. By terminating Baum, Vaughn violated its own progressive discipline policy.

130. Upon information and belief, Vaughn does not violate its own progressive disciplinary policy when terminating the employment of significantly younger employees.

131. Upon information and belief, Vaughn permitted similarly-situated, younger employees to retain their employment despite having performance that was similar to or worse than Baum's.

132. Vaughn terminated Baum's employment for conduct where it would not terminate the employment of a significantly younger employee.

133. Vaughn terminated Baum's employment for conduct where it would not terminate the employment of an individual who had not made a protected complaint.

134. There was a causal connection between Baum's Discrimination Complaint and Vaughn's termination of Baum.

135. Vaughn terminated Baum's employment because of his age.

136. Vaughn terminated Baum's employment in retaliation for reporting age discrimination.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C § 621 *et seq.***

137. Baum restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

138. At all times relevant, Baum was a member of a statutorily protected class under the Age Discrimination Act ("ADEA") 29 U.S.C. § 621 *et seq.*

139. Baum was 56 years old at the time Vaughn terminated Baum's employment.

140. Vaughn treated Baum differently from other similarly situated employees based on his age.

141. Baum was fully qualified for his position with Vaughn.

142. 29 U.S.C. § 621 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of that employee's age.

143. Vaughn violated 29 U.S.C. § 621 *et seq.* by applying employment policies in a disparate manner based on an employee's age.

144. Vaughn violated 29 U.S.C. § 621 *et seq.* by applying disciplinary policies in a disparate manner based on an employee's age.

145. On or around September 27, 2019, Vaughn terminated Baum's employment.

146. Vaughn terminated Baum's employment because of Baum's age.

147. Vaughn violated 29 U.S.C. § 621 *et seq.* by discriminating against and terminating Baum's employment based on his age.

148. Vaughn's termination of Baum's employment permitted the retention and/or hiring of individual(s) who were significantly younger than Baum.

149. As a direct and proximate cause of Vaughn's wrongful conduct, Baum has suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 *et seq.*

150. Baum restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

151. Baum suffers from a gout.

152. Baum's condition constituted a physical impairment.

153. Baum's condition substantially impaired one or more of his major life activities including working.

154. Baum's condition substantially impaired one or more of his major life activities including walking.

155. As a result of suffering from gout, Baum is disabled pursuant to 42 U.S.C. 126 § 12101 *et seq*.

156. In the alternative, Vaughn perceived Baum as being disabled.

157. Despite any actual or perceived disability, Baum could perform his essential job functions with or without reasonable accommodation(s).

158. Vaughn treated Baum differently than other similarly-situated employees based on his disabling condition.

159. Alternatively, Vaughn treated Baum differently than other similarly-situated employees based on his perceived disabling condition.

160. Defendant terminated Baum's employment without just cause.

161. Defendant terminated Baum's employment based on his disability.

162. Alternatively, Defendant terminated Baum's employment based on his perceived disability.

163. Defendant violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Baum based on his disability.

164. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Baum based on his perceived disability.

165. Vaughn violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Baum based on his disabling condition.

166. Alternatively, Vaughn violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Baum based on his perceived disabling condition.

167. Baum suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq*.

168. As a direct and proximate result of Defendant's conduct, Baum suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.**

169. Baum restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

170. Baum suffers from a gout.

171. Baum's condition constituted a physical impairment.

172. Baum's condition substantially impaired one or more of his major life activities including working.

173. Baum's condition substantially impaired one or more of his major life activities including walking.

174. As a result of suffering from gout, Baum is disabled pursuant to R.C. § 4112.01 *et seq*.

175. In the alternative, Vaughn perceived Baum as being disabled.

176. Despite any actual or perceived disability, Baum could perform his essential job functions with or without reasonable accommodation(s).

177. Vaughn treated Baum differently than other similarly-situated employees based on his disabling condition.

178. Alternatively, Vaughn treated Baum differently than other similarly-situated employees based on his perceived disabling condition.

179. Defendant terminated Baum's employment without just cause.

180. Defendant terminated Baum's employment based on his disability.

181. Alternatively, Defendant terminated Baum's employment based on his perceived disability.

182. Defendant violated R.C. § 4112.01 *et seq*. when it discharged Baum based on his disability.

183. Alternatively, Defendant violated R.C. § 4112.01 *et seq*. when it discharged Baum based on his perceived disability.

184. Vaughn violated R.C. § 4112.01 *et seq*. by discriminating against Baum based on his disabling condition.

185. Alternatively, Vaughn violated R.C. § 4112.01 *et seq*. by discriminating against Baum based on his perceived disabling condition.

186. Baum suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

187. As a direct and proximate result of Defendant's conduct, Baum suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IV: RETALIATION IN VIOLATION OF 29 U.S.C. § 621 *et seq*. AND 42 U.S.C. 126 § 12101 *et seq*.

188. Baum restates each and every prior paragraph of this complaint, as if it were fully restated herein.

189. As a result of Vaughn's discriminatory conduct described above, Baum made the Discrimination Complaint to Woods.

190. Baum made the Discrimination Complaint to oppose the age discrimination he suffered while employed by Vaughn.

191. Vaughn did not conduct an investigation regarding Baum's Discrimination Complaint.

192. In failing to investigate Baum's Discrimination Complaint, Vaughn ratified the age discrimination that Baum suffered.

193. Vaughn did not take corrective action following Baum's Discrimination Complaint.

194. In failing to take corrective action following Baum's Discrimination Complaint, Vaughn ratified the age discrimination that Baum suffered.

195. Vaughn's actions were retaliatory in nature based on Baum 's opposition to the unlawful discriminatory conduct.

196. Pursuant to 29 U.S.C. § 621 *et seq*., it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined therein.

197. As a direct and proximate result of Vaughn's retaliatory discrimination against and termination of Baum, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

198. Baum restates each and every prior paragraph of this complaint, as if it were fully restated herein.

199. As a result of Vaughn's discriminatory conduct described above, Baum made the Discrimination Complaint to Woods.

200. Baum made the Discrimination Complaint to oppose the age discrimination he suffered while employed by Vaughn.

201. Vaughn did not conduct an investigation regarding Baum's Discrimination Complaint.

202. In failing to investigate Baum's Discrimination Complaint, Vaughn ratified the age discrimination that Baum suffered.

203. Vaughn did not take corrective action following Baum's Discrimination Complaint.

204. In failing to take corrective action following Baum's Discrimination Complaint, Vaughn ratified the age discrimination that Baum suffered.

205. Vaughn's actions were retaliatory in nature based on Baum's opposition to the unlawful discriminatory conduct.

206. Pursuant R.C. § 4112.02(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined therein.

207. As a direct and proximate result of Vaughn's retaliatory discrimination against and termination of Baum, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Baum demands from Defendant the following:

(a) Issue an order requiring the Defendant to restore Baum to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against the Defendant of compensatory and monetary damages to compensate Baum for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against the Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Baum's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
daniel.dubow@spitzlawfirm.com

## **JURY DEMAND**

Plaintiff Kelly Baum demands a trial by jury by the maximum number of jurors permitted.


        /s/ *Daniel S. Dubow*
        Brian D. Spitz (0068816)
        Daniel S. Dubow (0095530)
        **THE SPITZ LAW FIRM, LLC**